**DLD-341**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 16-1896

———————

HECTOR GONZALEZ,

Appellant

v.

SUPERINTENDENT MAHANOY SCI; KARISTA TOBIOS; CHRIS COLLINS

———————————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-02104)
District Judge:  Honorable Malachy E. Mannion

———————————————————————

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2016

Before:  CHAGARES, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 1, 2016)

————

OPINION[*]

————

PER CURIAM

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Appellant Hector Gonzalez appeals from a district court order granting the Appellee Chris Collins's motion for summary judgment. Because we conclude that this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.

I.

Gonzalez, a prisoner at Greene State Correctional Institution, acting pro se, filed this § 1983 action against several employees of the State Correctional Institution at Mahanoy, where he was formerly confined. The Complaint stems from events surrounding dizziness and a fall that allegedly occurred while Gonzalez was incarcerated at SCI-Mahanoy. In September of 2013, Gonzalez alleges that he went to sick call complaining of being dizzy and afraid of falling down the steps while being housed on particular units. Gonzalez was seen by Collins, who put in a medical restriction for Gonzalez to be housed on a bottom tier/bunk. Nonetheless, prison staff subsequently assigned Gonzalez to a top tier cell. In December of 2013, Gonzalez signed up for sick call again, saw Collins, and again complained of dizziness. Collins ordered that Gonzalez have his sugar checked twice a day for five days.

On January 26, 2014, Gonzalez complained to a nurse that he was dizzy and had a headache. She gave him Tylenol. Gonzalez alleged that he then came back to the block, walked up the steps and felt dizzy again. The block correctional officer helped him to his cell so that he could lie down. After a few minutes, Gonzalez claimed that he hit his cell

_____

constitute binding precedent.

2

button to get a sick call slip. Gonzalez stated that he was dizzy walking up to the desk and on his way back to his cell and that on his way back to his cell he walked up the stairs and felt dizzy and felt himself falling backwards as he tried to hold on to the railing. Gonzalez then fell down the steps, hitting his lower back, left shoulder, and head. Gonzalez was taken to an outside hospital and treated. Plaintiff sought damages "for the deliberate indifference of Chris Collins when told of [his] housing restriction he did not contact [Gonzalez's] housing unit when [he] went to sick call on 12-19-2013." See Compl. at 4.[1]

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of orders granting motions for summary judgment is plenary. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). We will summarily affirm the District Court's order granting summary judgment because Gonzalez's appeal presents no substantial question. 3d Cir. LAR 27.4 and I.O.P. 10.6.

The District Court properly granted summary judgment to Collins on the ground that Gonzalez failed to exhaust his administrative remedies relative to his claims. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that, before bringing claims with respect to prison conditions under 42 U.S.C. § 1983 or any other federal law, prisoners must first exhaust the administrative remedies that are available. Put simply, to later sue a prison official, an inmate must first bring a grievance against

---

[1] All other defendants were dismissed from this action.

3

that official.  See Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004).  Moreover, an inmate must substantially comply with all established procedural requirements of the grievance review process in order to fully exhaust an issue.  Woodford v. Ngo, 548 U.S. 81, 83-84 (2006); Booth v. Churner, 206 F.3d 289, 292 n.2 (3d Cir. 2000).

The District Court correctly found that Gonzalez did not exhaust his administrative remedies.  Evidence of record establishes that Collins is not mentioned by name at all in Gonzalez's grievance.  While the grievance is related to Gonzalez's fall, at no point did he argue that the medical restrictions or care provided by Collins were deficient.  To the contrary, Gonzalez's focus in his initial grievance, supplemental grievance, and subsequent appeals was the fact that he was placed in a top tier cell in error by the corrections staff, *notwithstanding* the housing restrictions ordered by the medical department.  As the initial grievance explicitly stated, "I am suing SCI-Mahanoy for negligence for housing me on top tier . . . when medical put in an order to house me on bottom tier."  M.D. Pa. Case No. 14-2104, Doc. No. 41-1 at 17.  Indeed, it was Collins who had previously put in the order for Gonzalez to be housed on a bottom tier/bunk.  In his grievance, Gonzalez did not contend that Collins was responsible for the housing error.  Nor did he raise the claim brought in the Complaint – i.e., that Collins somehow failed to intervene during the December 19, 2013 sick call visit.  Accordingly, Gonzalez's action against Collins is procedurally barred as a result of the failure to exhaust administrative remedies.

III.

4

For these reasons, we conclude that this appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's order granting Collins summary judgment on Gonzalez's complaint.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.  Due to our disposition of this appeal, the Motion for Appointment of Counsel is denied.